IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CLARENCE T. WHITFIELD,
        Plaintiff,

vs.                                      3:08cv381/MCR/MD

WALTER A. McNEIL, et al.
        Defendant.

## **REPORT AND RECOMMENDATION**

       This cause is before the court upon referral from the clerk. Plaintiff initiated this cause through the filing of a civil complaint and other documents in September of 2008. Leave to proceed *in forma pauperis* was granted, and an initial partial filing fee was assessed on October 21, 2008. When plaintiff failed to timely pay the initial partial filing fee, on January 13, 2009, the court recommended that the case be dismissed for failure to prosecute and failure to comply with an order of the court. (Doc. 9). A $6.00 payment was received on February 5, 2009, and on February 11, 2009 the court vacated the recommendation and directed plaintiff to file an amended complaint within 30 days. (Doc. 11). He failed to do so, and on April 1, 2009, the court entered an order to show cause why this case should not be dismissed for failure to prosecute or to comply with an order of the court. (Doc. 12). Although over 70 days have elapsed, plaintiff has failed to respond to the court's order, and in fact, a review of the docket sheet reflects that plaintiff has filed nothing since September of 2008.[1]

---

[1] The initial partial filing fee was submitted by the institution.

Accordingly, it is respectfully RECOMMENDED:

That this case be dismissed without prejudice for plaintiff's failure to comply with an order of the court and failure to prosecute this action.

At Pensacola, Florida, this 23rd day of April, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).